People v Spirito (2024 NY Slip Op 02766)

People v Spirito

2024 NY Slip Op 02766 [42 NY3d 934]

May 21, 2024

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 9, 2024

[*1]

The People of the State of New York, Respondent,
v
Dominic F. Spirito, Appellant.

Argued April 17, 2024; decided May 21, 2024

People v Spirito, 216 AD3d 1208, affirmed.

APPEARANCES OF COUNSEL

D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando and Rebecca L. Konst of counsel), for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl Mancini of counsel), for respondent.

{**42 NY3d at 935} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed.
As a condition of his parole, defendant agreed not to "own, possess, or purchase" any firearm without permission from his parole officer. Defendant was given "the most severe" mental health designation from the Department of Corrections and Community Supervision, Office of Mental Health (OMH) level 1-S, indicating there were "serious" concerns regarding his mental health. Shortly after defendant's release to parole, his parole officer received information from his supervisor that defendant's mother contacted the parole office to inform them that she saw a photograph of defendant with a firearm, and gave the parole officers permission to search the residence that she shared with defendant.[FN*] Acting on this information, defendant's parole officer, with the assistance of other officers, conducted a search of defendant's home and recovered an AR-15 style rifle and two 30-round extended magazines with extra gun parts from defendant's bedroom.
Based on the foregoing, there is record support for the lower courts' conclusion (see 216 AD3d 1208 [3d Dept 2023]) that the search of defendant's residence by defendant's parole officer was "rationally and reasonably related to the performance of the parole officer's duty" and so defendant's motion to suppress this evidence was properly [*2]denied (People v Huntley, 43 NY2d 175, 181 [1977]). The Aguilar-Spinelli test (see Aguilar v Texas, 378 US 108 [1964]; Spinelli v United States, 393 US 410 [1969]) for evaluating whether a tip provides police with probable cause for a search or seizure does not apply in these circumstances (see generally Huntley, 43 NY2d at 181).{**42 NY3d at 936}
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Order affirmed, in a memorandum.

Footnotes

Footnote *:The People do not rely on the mother's permission for the search of defendant's residence.